UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

KEVIN CASSADAY,

        Petitioner,                         Case No. 1:22-cv-840

v.                                           Honorable Gordon J. Quist

BOB MENDHAM,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a federal pretrial detainee under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition is properly dismissed because it is successive, abusive, and duplicative.

**Discussion**

Petitioner is presently housed in the Newaygo County Jail awaiting transfer to a Federal Bureau of Prisons facility. The Court ordered that he be detained in *United States v. Cassaday*, No. 1:21-mj-562 (W.D. Mich. Nov. 10, 2021), (ECF No. 21). Petitioner contends his detention violates his constitutional rights and, therefore, he seeks a writ of habeas corpus releasing him from custody.

This is Petitioner's third § 2241 petition this year. In *Cassaday v. United States*, No. 1:22-cv-242 (W.D. Mich.), Petitioner also contended that his pretrial detention was unconstitutional.

The Court dismissed the petition because Petitioner had failed to exhaust those claims through his criminal proceedings. *Id.*, 2022 WL 896915 (W.D. Mich. Mar. 28, 2022).

Although months have passed, Petitioner has still not challenged the order of detention through his criminal proceedings. Instead, he filed his second habeas petition under § 2241. *Cassaday v. Mendham*, No. 1:22-cv-723 (W.D. Mich.). The Court dismissed that petition for the same reason the Court dismissed the first petition: Petitioner failed to exhaust his habeas claims through his criminal proceedings. *Id.*, 2022 WL 3655057 (W.D. Mich. Aug. 25, 2022). That judgment is not yet final.

After the Court dismissed Petitioner's second § 2241 petition, Petitioner filed a motion in the Sixth Circuit Court of Appeals seeking leave to file a second or successive petition under § 2255. *In re: Kevin Cassaday*, No. 22-1762 (6th Cir.). It seems unlikely that Petitioner will be granted leave because he is not in custody pursuant to the judgment of a federal court; thus, relief under § 2255 is not available. Moreover, Petitioner has not filed a previous § 2255 petition that has been resolved on the merits; thus, whatever § 2255 petition he might file would not be second or successive. There is no statutory bar to filing a second or successive petition under § 2241, and, even if there were such a bar, Petitioner's multiple petitions are not second or successive because the earlier petitions were not resolved on the merits.

Even though Petitioner took the time to ask the Sixth Circuit for permission before filing another habeas petition in this Court, he did not actually wait for permission. Instead, he filed the instant petition on September 9, 2022.

In *Lightbourn v. Joyner*, No. 20-6310, 2021 WL 5767691 (6th Cir. July 1, 2021), the Sixth Circuit upheld the district court's rejection of the most recent in a repetitive series of petitions under § 2241. The court explained:

> Habeas corpus petitions filed under § 2241 are subject to dismissal if they are successive or abusive. *Dotson v. Kizziah*, 966 F.3d 443, 444–45 (6th Cir. 2020); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008). Successive petitions raise "grounds identical to those raised and rejected on the merits on a prior petition." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986). Successive claims are barred unless supplemented "with a colorable showing of factual innocence." *Id.* at 454. Abusive petitions raise "grounds that were available but not relied upon in a prior petition." *Id.* at 444 n.6. Although § 2241 petitions "are not subject to the strict bars" applied to second and successive motions to vacate, "courts may decline to address claims brought repeatedly." *Dietz*, 260 F. App'x at 765.

*Lightbourn*, 2021 WL 5767691, at *2.

Petitioner's repetitive filing of § 2241 petitions is successive in that the petitions appear to raise the same claims again and again. To the extent Petitioner is raising new claims, the repetitive filings are abusive. Certainly, when habeas petitions are dismissed for lack of exhaustion, the subsequent filing of a petition upon exhaustion would be neither successive or abusive. But, here, there have been no intervening events that might legitimize Petitioner's second or third habeas petitions. Accordingly, the Court concludes that the instant petition is properly dismissed as successive and abusive under *Dietz* and *Dotson*.

In the alternative, the petition is properly dismissed as duplicative. "Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a

duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint, or in this case, the petition. *See, e.g., Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations (or lack thereof), temporal circumstances, and relief sought in the present petition and in Petitioner's second § 2241 petition—which remains pending—pursuant to the Court's inherent power, this will be dismissed on the grounds that it is duplicative and frivolous.

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice. In § 2241 cases filed by federal detainees, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated: September 27, 2022                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE